## JAMES LEVERETT v. THE STATE.

No. 1830. Decided February 15, 1899.

1. **Aggravated Assault—Disposition of County Convicts by the Commissioners Court.**

On a trial for aggravated assault, the question as to what disposition the county commissioners court might or could make of the defendant as to hiring or working him on the county roads, in case he is convicted, has no relation to or bearing upon the case.

2. **Same—Instructions Upon Request by Jury.**

On a trial for aggravated assault it is not proper for the court, no matter if requested by the jury, to instruct them with reference to the disposition of convicts by the county commissioners, or the law regulating the working of county convicts. Such instructions are unauthorized, and would ordinarily be calculated to prejudice a defendant on trial. After the jury have done their duty in the case they are trying, it is no concern of theirs what becomes of the convict.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEORGE W. ARMSTRONG, County Judge.

Appeal from a conviction for aggravated assault; penalty, a fine of $500, and one year imprisonment in the county jail.

The indictment charged appellant, an adult male, with an aggravated assault, with a whip, upon Lula Leverett, a female, and thereby inflicting upon her disgrace and serious bodily injury.

In view of the disposition made of this appeal in the opinion, it is not necessary to make a statement of the case. The opinion sets out in full the error for which the conviction is reversed.

*W. R. Parker,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $500 and one year's imprisonment in the county jail, and he prosecutes this appeal.

On the trial of the case, appellant reserved the following bill of exceptions: "Be it remembered, that on the trial of the above cause the jury were, by the agreement of counsel, charged orally. After they had been so charged fully as to the law and punishment applicable to the said case, and retired to the jury room, they came out, and asked the court for further instructions as to the punishment applicable to the said case. The question asked the court by the jury was as to whether or not a convict could be worked on the county road for a period of time longer than twelve months. The court informed them that a convict could not be worked on the county road for a longer period of 'time than twelve months. The jury retired to their jury room, and after a short time the court recalled the jury, and again reinstructed them relative to the punishment in said case, and informed them that a convict could not be worked on the road for a longer period of time than twelve months on the fine imposed, but that a convict could be so worked twelve months on the fine imposed, and could also be worked on the road on the jail sentence, should they give him such jail sentence. To all of which action of the court the defendant excepted; the reason for said objection being that such recalling and reinstructing of the jury brought that feature of the said case prominently before the jury, and was calculated to injure and prejudice the defendant's case in the minds of the jury, and that they were led to believe and infer that, in the mind of the court, the said defendant was guilty as charged; and also the jury were led to believe and infer that it was the opinion of the court that, in addition to said fine, a long and severe punishment by jail sentence should be imposed. There was no objection made to the court instructing the jury orally, it being agreed in the first instance that the court should instruct the jury verbally. The jury was recalled, and instructed further by the court in answer to their question, because the instruction first given was not full and correct." This action of the court was clearly erroneous. It is not proper for the court, no matter if requested by the jury, to instruct them with reference to the disposition of convicts by the county commissioners, or the law regulating the working of convicts. When he has instructed the jury with reference to the issues raised by the evidence in the case, and then has instructed them with reference to the punishment as prescribed by the statute for the offense of which a party is being tried, in case they should find him guilty, he has performed his full duty. While it is a matter of law as to how long a county convict can be worked for his fine and on account of his imprisonment, that has no relation to or bearing on the case. The punishment prescribed for the offense in the statute is independent of the county convict law, and the charge on this subject would ordinarily be calculated to prejudice an appellant on trial; and we think it had that effect in this instance. After the jury have done their duty, it is no concern of theirs what becomes of the convict. When they have

discharged their functions, another authority takes charge of the convict and disposes of him. For the error of the court in giving this unauthorized charge, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.